## Commonwealth v. Silver

*Joseph W. Ray*, Special Deputy Attorney General, and *Thomas A. Waggoner, Jr.*, assistant district attorney, for Commonwealth.

*Jesse K. Spurgeon*, for defendant.

CARR, J., July 28, 1942.—This is an appeal on a question of law from the judgment of a magistrate upon a summary conviction for exposing potatoes for sale in closed and unmarked packages, in violation of the provisions of the Act of May 28, 1937, P. L. 1005, 31 PS §371 et seq.

Defendant, a produce merchant, had on sale at his wholesale and retail market in Uniontown a carload lot of potatoes packed in 360 closed burlap bags each containing 100 pounds, without any markings, tags, or labels. The potatoes had been purchased through a broker from a farmer in the vicinity of Cannaseraga, New York, and remained in the original closed and unmarked bags in which they had been packed and shipped by the seller. The contention of defendant is that the statute does not apply to potatoes packed outside this State.

The Act of May 28, 1937, P. L. 1005, which extended to potatoes the provisions of the Act of March 28, 1929, P. L. 86, relating to the grading and sale of grapes, gave authority to the Secretary of Agriculture of this Commonwealth to establish and promulgate official standards "for grading, classifying, and packing pota-

toes packed or repacked within the state", such standards to be the same for corresponding grades as those established and promulgated by the Secretary of Agriculture of the United States. The act then provided that potatoes in closed packages should not be shipped for sale or sold or exposed for sale except by the grades so established or as "unclassified", and required that all closed packages, if not definitely marked as "unclassified", should be marked in a plain and conspicuous manner with a true statement of the established grade contained, the contents in cubic measure or weight, and the name and address of the person or association under whose authority the potatoes were packed. Following the passage of the act the Secretary of Agriculture of the Commonwealth duly established and promulgated official grades identical with those of the Department of Agriculture of the United States, and appropriate rules and regulations for marking, tagging, or labelling closed containers.

Counsel for defendant argues that, since the authority given the Secretary of Agriculture of the Commonwealth to establish such standards is in terms related only to potatoes packed or repacked within the State, imported packages are not included in the purview of the act. It is true that it is in connection with the packing and repacking of potatoes within the State that the establishment of standards is authorized. Obviously, however, the legislature could not regulate packing beyond the borders of the State. Uniformity had to be obtained through its control of local markets; thus the act is entitled: "An act relating to the grading and sale of . . . potatoes in this Commonwealth . . ." It explicitly provides that potatoes in closed packages shall not be shipped for sale or sold or exposed for sale unless classified and specifically marked as required. Observance of these requirements, therefore, conditions the right to market closed packages of potatoes in this State, wherever they may have been made up.

424

Doubtless the statute could have been more expertly phrased, but the intention to illegalize in local markets all transactions in closed packages not plainly and truthfully marked to indicate the contents by prescribed formula cannot well be mistaken. The prime object of the act, in common with all grading acts, is to prevent deception and minimize exploitation of consumers. Lack of uniformity in its application would permit the continuance, in large part, of the unfair practices it was designed to end, and seriously impair its effectiveness.

### Finding

And now, July 28, 1942, after hearing and upon consideration of the foregoing case, we find defendant guilty.